UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-203-R

**CINDY MITCHELL**                                                                    **PLAINTIFF**

v.

**UNITED PARCEL SERVICES**                                                   **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Cindy Mitchell filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A review of the complaint reveals that this Court lacks subject-matter jurisdiction. Therefore, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff filed this action on a Court-approved general complaint form. She sues United Parcel Services. As the grounds for filing this case in federal court, Plaintiff states, "I wish to represent myself a lawyer won't take this case." As her statement of the claim, Plaintiff states as follows:

> This was the 2nd time an avon order was shipped to me at 365 Meacham Lane lot #15. I called 1-800-742-5877 customer care line on Monday 11-3-14 at 6 P.M. Upon not receiving this avon order upon speaking with Latoya she took all info she need from me then placed me on hold and made contact with the driver who said to her he didn't know this address so he decided to take the order to an old address which is 2001 South 28th Street when they were properly informed of my new address by me and by Avon. They haven't done there job properly in return I'm suing them for $95,000.

As relief, Plaintiff seeks $95,000 in monetary damages. She also states, "If the driver can't learn new address then he needs to be fired."

## II.  ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. She has not stated that she was deprived of any federal statutory or constitutional right. Likewise, the complaint does not contain factual allegations that would establish a federal cause of action against Defendant. For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. According to the complaint, both Plaintiff and Defendant are citizens of Kentucky. Thus, Plaintiff fails to satisfy the diversity-of-citizenship requirement.

However, even if Plaintiff and Defendant were citizens of different states, Plaintiff also fails to establish that the amount in controversy satisfies the jurisdictional requirement. To determine whether the amount in controversy exceeds the jurisdictional amount, the amount alleged in the complaint controls, "as long as claimed in good faith." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

U.S. 283, 289 (1938)). Dismissal is proper if the amount alleged in the complaint was never recoverable in the first instance. *Id.*

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Charvat v. GVN Mich., Inc.*, 561 F.3d at 628 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 289).

Plaintiff sues United Parcel Services on the basis that it did not deliver her Avon cosmetics order to the correct address. She does not state that she did not ultimately receive the products. Nor does she state the value of the products that were misdelivered. However, the Court concludes that it is apparent to a legal certainty that her out-of-pocket losses for the missing Avon products does not exceed $75,000 required to support diversity jurisdiction. She does not state any other grounds for relief, and the Court cannot discern any possible claim arising out the facts alleged that would entitle Plaintiff to damages exceeding $75,000. Plaintiff's demand for relief is grossly exaggerated, implausible, and frivolous and does not serve as the basis to confer diversity jurisdiction over her claim. Therefore, Plaintiff fails to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc:   Plaintiff, *pro se*
4413.010